| |
|---|
| **TGT, LLC v Advance Entertainment, LLC** |
| 2024 NY Slip Op 31048(U) |
| March 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159007/2022 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

TGT, LLC,

Petitioner,

- v -

ADVANCE ENTERTAINMENT, LLC, RICHARD MELI, JESSICA MELI, JACKSON MELI, and PILIERO & ASSOCIATES PLLC,

Respondent.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159007/2022 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 001 002 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 66, 67, 68, 69, 70, 71, 74, 76, 79, 80

were read on this motion to/for         TURNOVER PROCEEDING       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 64, 65, 72, 77, 78

were read on this motion to/for               RENEWAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 61, 62, 63, 73

were read on this motion to/for                  STAY            .

Upon the foregoing documents, it is

Petitioner TGT, LLC brings this special proceeding pursuant to CPLR 5225 and 5227 for the turnover of: (1) $171,000.00 in proceeds from the sale of Chicken Soup for the Soul, LLC stock that judgment debtor and respondent Advance Entertainment, LLC ("Advance") owned, which proceeds were allegedly fraudulently conveyed/and dissipated by respondent Richard Meli (Richard) for the benefit of his daughter-in-law and grandchildren, respondents Jessica Meli, Jackson Meli and three unnamed minors;

**159007/2022 TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**
Motion No. 001 002 003

Page 1 of 6

[* 1]

and (2) $50,000 held by respondent Piliero & Associates PLLC (Piliero), allegedly on behalf of and for the benefit of judgment debtor Joseph Meli, Richard's son.

The court determined that the $50,000 held in Piliero's escrow account was for the benefit of judgment debtor Joseph Meli. (NYSCEF 75, 3/09/2023 tr at 31:6-34.) Accordingly, by interim judgment and order, dated April 1, 2023, it directed Piliero to turn over the $50,000. (NYSCEF 59, Judgment.)

As concerns the $171,000 in stock proceeds, there was no dispute that the transfer of the proceeds for the benefit of Meli family members constituted a fraudulent conveyance. (NYSCEF 75, March 9, 2023 tr 21:7-13.) However, the court held in abeyance the determination of this claim, pending the submission of supplemental briefing on the issue remedy. Specifically, whether it is significant that the money was used to provide food and shelter for the children. (*Id.* at 24:6-23; NYSCEF 59, Judgment.)

In their supplemental brief, respondent offer no legal authority in support of their assertion that equity must intervene to limit the remedy available to the creditor when the fraudulently conveyed property is used for the benefit of children. (S*ee generally* NYSCEF 50, Respondent's Memo of Law.) Additionally, respondents "do no contest the finding" that Richard's transfer of "some" of the stock proceeds constitutes a fraudulent conveyance. (*Id.* at 2.) Nor do they dispute that Richard dissipated the entirety of the stock proceeds. (S*ee id.* at 4 [admitting that Richard liquidated the stock, transferred the funds into an account held by Advance and then spent the entirety of the funds]). They merely argue that, because some of the funds were paid on "antecedent debts" (i.e. "$107,000 paid to landlord in back rent owed by Jessica Meli and children"

**159007/2022  TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**
**Motion No.  001 002 003**

Page 2 of 6

[* 2]

2 of 6

and "$15,000 in legal fees"), the "judgment against Richard Meli should not exceed $59,000." (*Id.* at 4, 9.)[1]  However, respondents fail to offer any evidence of the debts paid.  Instead, they provide "approximate numbers" in a memorandum of law, without any supporting documents.  (*Id.* at 4).  Moreover, respondents do not claim that these debts belonged to either of the judgment debtors.  As respondents offer no evidence of "reasonably equivalent value" given in exchange for the transfers of proceeds, they fail to meet their burden of establishing the defense.  (S*ee* Debtor and Creditor Law §§ 277 [a], [g] [1], 272 [a];  *Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 302 [1st Dept 2006] [rejecting the judgment debtor's claim that a payment to its landlord was for back rent and not a fraudulent conveyance, where the judgement debtor "fail(ed) to demonstrate a bona fide debt, antecedent or otherwise"].)

As there is no dispute that Jessica Meli received and spent $16,000 of the proceeds (*see* NYSCEF 36, August 19, 2020 Ameritrade Wire Request; NYSCEF 30, Jessica Meli aff, ¶ 3; *see also* NYSCEF 50, Respondent's Memo of Law at 2) and that Richard Meli spent the remainder (*see* NYSCEF 28, Richard Meli aff, ¶¶ 8, 9; NYSCEF 50 at 3-4), TGT is entitled to judgment against them for those respective amounts. (Debtor and Creditor Law §§ 276 [a] [1], 277 [b] [1]; *Federal Deposit Ins. Corp. v Heilbrun*, 167 AD2d 294, 294 [1st Dept 1990] [internal citation omitted] ["(a) personal judgment against the transferee of a fraudulent conveyance may be obtained where the transferee has made it impossible to return the property to the creditor by, for example,

---

[1] It is not entirely clear how respondents arrived at $59,000, although it appears to be a typographical error.  The difference between $171,000 (in proceeds) and $122,000 (purportedly the antecedent debt) being $49,000.

**159007/2022   TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**                                    **Page 3 of 6**
**Motion No.  001 002 003**

[* 3]

disposing of wrongfully conveyed property or depreciating it"]). However, there is no evidence of transfers made to the Meli children. Accordingly, to the extent the petition seeks judgment against them, the petition is denied. TGT is also entitled to attorneys' fees (Debtor and Creditor Law § 276-a), for which respondents Jessica and Richard Meli shall be jointly and severally liable. (S*ee* CPLR 5240; *Guardian Loan Co., Inc. v Early*, 47 NY2d 515, 519 [1979] ["CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52"]).

In motion sequence number 002, respondent Piliero moves to renew, pursuant to CPLR 2221 (e), arguing that the $50,000 in its escrow account belongs to Deborah Vitale (Vitale), a previously unidentified friend of the Meli family, who purportedly placed the money into the account contingent on Joseph Meli's ability to raise the full $150,00 needed to effectual a settlement agreement with TGT. Piliero argues that upon the failure to raise the necessary funds and the dissolution of settlement talks, the ownership of the $50,000 reverted to Vitale. (*See* NYSCEF 42, Piliero Memo of Law at 4-5; NYSCEF 43, Vitale aff, ¶ 6.) However, these are not "new facts not offered on the prior motion." (CPLR 2221 [e] [2].) Piliero made the identical argument on the initial motion (*see* NYSCEF 75, March 9, 2023 tr 15:15-16), at that time, without providing any legal authority or admissible evidence in support. (S*ee id.* at 15:16-23; at 18:3-24.) Now, Piliero, for the first time, offers the affidavit of Deborah Vitale. (NYSCEF 43, Vitale March 30, 2023 aff.)

In an attempt to offer a "reasonable justification for the failure to present" any evidence of Vitale's purported ownership on the prior motion (CPLR 2221 [e] [3]), Vitale explains that she "did not realize that it would be necessary" (NYSCEF 43, Vitale aff, ¶

**159007/2022  TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**                    **Page 4 of 6**
  Motion No.  001 002 003

[* 4]

4 of 6

10) and that she wished to "maintain [her] privacy and not get involved in judicial proceedings." (*Id.*, ¶ 11). These statements indicate that she was aware of the turnover proceeding and that her interest in the $50,000 was at risk. However, in the same statement, she claims to have only "learned that the settlement did not go through" "in the past two weeks" and "last week" that her "money had been frozen by the Court and was to be turned over to TGT." (*Id.*, ¶ 10.) Despite these inconsistencies, during oral arguments on the motion, so as "not to defeat substantive fairness" (*Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 377 [1st Dept 2001] [internal quotation marks and citation omitted] [explaining that "even if the vigorous requirements for renewal are not met, such relief may be properly granted"]), the court adjourned the motion for two weeks to give Deborah Vitale an opportunity to intervene in the proceeding and to seek a hearing as to her entitlement to the $50,000. (NYSCEF 77, August 10,2023 tr at 18:1-14; *see* CPLR 5225, 5239). She has not done so. Accordingly, the motion to renew is denied.

In motion sequence 003, Piliero seeks a stay of the April 1, 2023 order, pending the resolution of motion sequence number 002. Considering the above and the fact that respondent has, in the interim, turned over the escrow funds to TGT (*see* NYSCEF 78), the motion is denied as moot.

Accordingly, it is hereby

ADJUDGED that the petitioner's motion for judgment on the first cause of action (motion sequence number 001) is granted as against respondents Richard Meli and Jessica Meli only; and it is further

**159007/2022   TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**
**Motion No.  001 002 003**

**Page 5 of 6**

[* 5]

5 of 6

ORDERED that the Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent Richard Meli in the amount of $ 155,000 together with interest at the rate of 9% per annum from the date of July 1, 2020 until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of petitioner and against against respondent Jessica Meli in the amount of $16,000, together with interest at the rate of 9% per annum from the date of August 19, 2020 until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that within 10 days of the date of this order, petitioner shall submit an affidavit of services, including resumes or firm bios of attorneys and staff involved in case.  Otherwise waived; and it is further

ORDERED that respondent Piliero & Associates PLLC's motion to renew (motion sequence number 002) is denied; and it is further

ORDERED that respondent Piliero & Associates PLLC's motion for a stay (motion sequence number 003) is denied as moot.

| | | | | |
|---|---|---|---|---|
| **3/28/2024** | | | | |
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159007/2022   TGT, LLC vs. ADVANCE ENTERTAINMENT, LLC ET AL**          **Page 6 of 6**
**Motion No.  001 002 003**

[* 6]